The case states it was given in evidence upon the trial, that stealing a note is larceny in Virginia; and we know that it is so in this State. Although it be true, that for such a larceny committed in Virginia, a man could not be liable to punishment here, yet to impute that crime to a man, tends not less to his degradation and loss of cast in society, than if it exposed him to a prosecution. A person cannot escape from the odium and disgrace fixed upon his character by the charge, because he is no longer in the state where he is punishable: for although the crime may have locality, the effect of the imputation will follow a man wherever he goes. It would seem to be a great defect in the law, if words which are so calculated to injure a man's character, should cease to be actionable, because the slanderer added something to them which showed that the Plaintiff was not liable to prosecution in the State where the words were spoken. Such a principle would tend most effectually to withdraw from character the protection which the law now justly affords it; and would operate most injuriously in the United States, where the people are frequently seeking new settlements, with a view of improving their fortunes, when a fair character is not unfrequently the most cherished portion of the capital they bear with them. Fortunately the law does not sanction such a doctrine: for the books furnish (465) many cases of unquestionable authority, in which a remedy has been given on account of imputations, which, if believed, and even proved, could not subject the Plaintiffs to any future prosecutions.
In Caddington v. Wilkins, Hob. 81, a pardon was granted after the commission of the offense, but before the speaking of the words; and the Plaintiff: was held entitled to his action.
In Carpenter v. Tenant, Rep. Temp. Hard., 339, the Defendant said, "Robert Carpenter was in Winchester jail, and tried for his life, and would have been hanged had it not been for Liggett, for breaking open the granary of Farmer A. and stealing his bacon."
In Gainsford v. Tuke, Cro. Jac., 536, the words were, "Thou wast in Lancaster jail for coining." The Plaintiff replied, "If I was there, I answered it well enough." "Yea," said the Defendant, "you were burnt in the hand for it."
In Boston v. Tatham, Cro. Jac., 622, the action was brought *Page 280 
for saying, the Plaintiff was a thief and had stolen the Defendant's gold. It was contended in arrest of judgment, that the words not being certain as to time, they might be taken to refer to the time of Queen Elizabeth, since which there had been divers general pardons, in which case no loss could happen from the scandal. But the Court said, it is a great scandal to be once a thief; and that although a pardon may discharge the punishment, yet the scandal of the offence remains.
In neither of the preceding cases, could the Plaintiff have been liable to a future prosecution: for in one he had been pardoned, in another acquitted, and in another punished. And in Boston v. Tatham, the Court expressed an opinion, that even allowing that the words fixed the offense to a period, since which the liability to the punishment must have been discharged by a general pardon, yet that the words were actionable, as the scandal of the offense remained. The same doctrine has been affirmed in the Supreme Court of New York, where it was held that an action of slander would (466) lie for charging the Plaintiff with a crime committed in another State, although the Plaintiff would not be amenable to justify in the State where the words were spoken. 14 Johns. 234.
I am very clearly of opinion that the words laid in this declaration, accompanied with the proof made in the case, that they imputed a crime amounting to larceny in Virginia, are actionable; and consequently that the Plaintiff is entitled to judgment.